

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

CHARLES A. CLAVERIE, ET AL.          CIVIL ACTION

VERSES                                NO. 00-0432

UNITED STATES OF AMERICA              SEC. "B" (2)

## ORDER AND REASONS

Before the Court is Defendant United States of America's Motion to Dismiss under Rule 12(b)(6) (Rec. Doc. No. 3). Defendant contends that Plaintiff Charles A. Claverie fails to state a claim upon which relief can be granted because his action could not be sustained in state court as required by Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act). 28 U.S.C. § 2679 (1988). For the following reasons, this Court **GRANTS** the Defendant's motion to dismiss.

### BACKGROUND:

On April 8, 1997, plaintiff Claverie was committed to the psychiatric ward of the New Orleans Veterans Administration Hospital following a violent encounter at his home. After being restrained at the VA for approximately one week, Claverie's psychiatrist, Bruce Brown, informed Claverie that he was to be released because the VA could not help him. At that time Claverie became upset and threatened harm to the VA Hospital staff

DATE OF ENTRY
SEP 2 1 2000

1

upon discharge. Claverie then asked to use the phone, which Brown allowed him to do. Claverie alleges that after Brown rudely interrupted the phone conversation, Claverie struck and injured Brown.

As a result of this altercation, the VA authorities ejected Claverie from the hospital. Subsequently, the Grand Jury indicted him for one count of assault on Brown, while Brown was engaged in the performance of his official duties in violation of 128 U.S.C. § 111(a)(1). After undergoing a psychiatric examination on August 24, 1997, Claverie was found mentally competent to stand trial. He was ultimately found not guilty.

Plaintiffs filed a suit against Brown and the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. Plaintiffs allege that the negligent failure of personnel at the VA Hospital to give proper medical treatment caused Claverie's assault on Brown and subsequent prosecution for the attack. Brown and the United States moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs filed a Memorandum in Opposition to Defendant's motion.

## LAW AND ANALYSIS:

While dismissal under 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) In this case, defendants raise such an affirmative defense in correctly stating that a cause of action cannot be maintained against either the

United States or Brown under the FTCA. As the Defendant contends and the Plaintiffs concede, the complaint against Brown clearly fails because the Westfall Act insulates federal employees acting under scope of employment from any tort liability and instead substitutes the United States. 28 U.S.C. § 2679(b)(1). Therefore, the Court grants the 12(b)(6) motion in regards to the complaint against Brown.

The Court must still decide whether the claim against the United States survives. Defendant maintains that Plaintiffs cannot establish an essential element necessary for a claim under the FTCA against the United States. The FTCA dictates that liability of the United States only arises when the law of the state in which the act occurred would impose it. 28 U.S.C. § 1346(b). This Court finds that Louisiana jurisprudence will not allow a tort cause of action under the set of facts alleged in the instant case as illustrated by two recent Louisiana state tort cases which both Plaintiffs and Defendant cite. *See Guillie v. Comprehensive Addiction Programs, Inc.*, 735 So.2d 775 (La. App. 4 Cir. 1999); *see also Hines v. Bick*, 566 So. 2d 455 (La. App. 4 Cir. 1990).

In *Guillie*, a husband and wife sued a psychiatric hospital for malpractice and negligence when the hospital misdiagnosed the plaintiff, and the plaintiff subsequently stole money from his employer, was fired from his job, and ultimately prosecuted for the crime. The *Guillie* court held that while the hospital did owe a duty to the plaintiff and possibly breached that duty, the plaintiff's own illegal actions constituted an intervening cause of his damages. *Guillie*, 725 So 2d at 778. The court further stated that once it is clear that the cause of action is based on plaintiff's own illegal or immoral act, Louisiana,

like most jurisdictions, tends to preclude any recovery and often dismisses cases on summary disposition. *Id.* at 779 (citing *Hines*, 566 So.2d at 460-61).

In the *Hines* case, plaintiff and his wife brought suit against the plaintiff's psychiatrist and treating hospital. The issue was whether the psychiatrist and hospital are liable for failing to prevent a patient from causing injury or death to a third party. The *Hines* court stated that under La. R.S. 9:2800.2 a hospital and psychiatrist owe a duty to warn when a patient threatens physical violence against clearly identified victims and manifests apparent intent and ability to carry out the threat. *Hines*, 566 So.2d at 457. However, the *Hines* court went on to confirm that in Louisiana "contentions arising in unlawful purposes are not to be brought into the courts of justice. [T]he litigants do not come to the court with clean hands, we shall leave them where their conduct has placed them." *Id.* at 461 (citing *Meyer v. Stock*, 6 Orleans App 175, 176-177 (1909)).

Plaintiffs are correct that the *Guillie* court distinguished its facts from those in *Hines* because Guillie's alleged injuries did not involve harm to a third party. See *Guillie*, 735 So.2d at 778. However, the *Guillie* court stated that the policy of *Hines* and all other cases involving the psychiatrists' duty to warn third parties of harm is meant to protect innocent third parties, rather than to allow the offenders to recover from their own criminal conduct. *Id.* The court went on to say "the *Hines* court does clearly state that once cannot recover for his/her own illegal or immoral conduct." *Id.* Therefore, both the *Hines* and the *Guillie* cases dictate that the instant case should be dismissed because the plaintiff's own illegal acts caused his damages. Furthermore, the *Guillie* court dismissed the wife's cause of action based on the same policy considerations. *Guillie*, 735 So.2d at

779. On the bases of these cases, plaintiffs' complaint against the United States lacks an essential prerequisite of liability under the FTCA by failing to establish that Louisiana law allows such a claim.

Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss hereby is **GRANTED**.

New Orleans, Louisiana, this _15th_ day of September, 2000.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE