U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   NOV 21 2000

LORETTA G. WHYTE
Clerk

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

CHARLES A. CLAVERIE IV            CIVIL ACTION
and YVETTE CLAVERIE

versus                            NO. 00-0432

THE UNITED STATES OF AMERICA      SECTION B (2)

Notice of Appeal
MOTION TO APPEAL FINAL JUDGEMENT

NOW INTO COURT, comes plaintiffs, Charles and Yvette Claverie who motion to appeal final Judgement made pursuant to Rule 12(b)(6) By defendant, herein, the United States of America.

Respectfully submitted,

YVETTE CLAVERIE
CHARLES CLAVERIE IV
P.O. BOX 713
PURVIS, MS 39475
Telephone: (601) 296-9481

___ Fee ___
___ Process ___
X  Dktd ___
X  CtRmDep ___
   Doc.No. ___

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| CHARLES A. CLAVERIE IV<br>and YVETTE CLAVERIE | CIVIL ACTION |
| versus | NO. 00-0432 |
| THE UNITED STATES OF AMERICA | SECTION B (2) |

## MEMORANDUM TO APPEAL FINAL JUDGEMENT

Charles Claverie is a Gulf War veteran married to Yvette Claverie and they have three children. Since Mr. Claverie's release from service following the Gulf War, he has experienced severe emotional and psychiatric problems often leading to violence. He has been treated several times at the VA hospital in New Orleans as a result of this psychiatric instability, and often because he had a violent reaction. On the occasion in question, Mr. Claverie was admitted to the VA Hospital on April 8, 1997 after a violent encounter at his home. He was restrained there for approximately one week, and then told that the VA Hospital could do nothing for him. When informed by Bruce Brown, a social worker at the VA Hospital, that the hospital could do nothing for him, and were releasing him, Mr. Claverie became upset, and warned Mr. Brown that he was not taking the news very well. Mr. Claverie then asked to use the phone. Despite Mr. Claverie's obviously unstable mental state, Mr. Brown allowed Mr. Claverie to use the phone unrestrained and without taking any additional precautions. Mr. Claverie's phone conversation became animated, so Mr. Brown rudely interrupted Mr. Claverie, by tapping

1

him on the shoulder twice and demanding he release the phone. At this point, Mr. Claverie struck and injured Mr. Brown. Mr. Claverie was ejected from the hospital and criminally prosecuted with assault. He spent several months in jail, away from his family awaiting trial, and was ultimately found not guilty. In the petition for damages, plaintiffs allege that the VA Hospital and Mr. Brown failed to give Mr. Claverie proper medical treatment for his condition, and failed to take the necessary precautions to protect Mr. Claverie and others.

In its motion to dismiss, the United States alleges (1) that the cause of action against Mr. Bown should be dismissed because he was a federal employee acting within the course and scope of his employment, and therefore innune from liability in tort under the Westfall Act; and (2) that the petition fails to state a complaint upon which relief should be granted because Louisiana tort law would disallow recovery under the facts in this case.

**Plaintiffs' Claim against Bruce Brown under the FTCA**

The United States correctly points out that the Westfall Act, officially known as the Federal Employees Liability Reform and Tort Compensation Act of 1988, extends immunity to federal employees from liability for tortious conduct arising out of the course and scope of the employee's employment. **28 U.S.C Section 2679(d)(1).** Plaintiffs agree, inasmuch as the United States has now conceded that Mr. Brown was action within the course and scope of his employment at all times pertinent to liability for this claim. Should the United States refuse to certify the same, then plaintiffs are entitled to maintain a separate cause of action against Mr. Brown.

2

### Plaintiffs' Claim Against the United States Under the FTCA

The United States also correctly points out that liability under the FTCA is dictated by the substantive tort law of the state where the incident occurred. *28 U.S.C Section 1346(b)*. In concluding that the United States could not possibly be liable under the facts stated in the petition, the United States relies on the lower appellate court case of *Guillie v. Comprehensive Addiction Programs, Inc., 735 So.2d 775 (La. App. 4 Cir. 1999)*. In that case, the plaintiff and his wife sued the medical facility for failing to properly diagnose plaintiff's bipolar disorder. He was instead treated at the facility for the symptoms of alcoholism and gambling. Mr. Guillie was released without the proper diagnosis and returned to his job. As a result of the gambling, Mr. Guillie stole from his employer and was terminated from his employment. Mr. Guillie alleged that had he been properly diagnosed, he would not have been released from the hospital. He then would not have had the opportunity to return to his job and steal. The court of appeal held that the facility did owe Mr. Guillie a duty to use reasonable care in properly diagnosing him, and may have in fact breached this duty. However, it found that the failure to properly diagnosis did not proximately cause the damages arising out of the theft because the theft itself was an intervening and superceding cause. In discussing the thievery as an intervening and superceding cause, the appellate court noted that a plaintiff is generally precluded from recovering when the claim is based on the plaintiff's own illegal or immoral act. What is significant here, is that the court went on to distinguish itself from the case of *Hines v. Bick, 566 So.2d 455 (La. App 4 Cir. 1990), writ denied, 571 So.2d 648 (La. 1990)*, because the *Hines* case involved an injury to a third party.

3

In *Hines*, the patient and his wife sued his psychiatrist and the medical facility, Touro Hospital because he was allowed to leave the facility and shoot his mistress and her lover. The damages arose out of his criminal conviction. The court discussed the law in other jurisdictions as to whether or not one should recover from damages arising out his/her own criminal act, and cited no law specifically on point in Louisiana. The court then noted that a psychiatrist does, in Louisiana owe a duty of care to warn third parties and take appropriate precautions when a patient had communicated threats of violence against specific individuals. *La. R.S. 9:2800.2*. In maintaining the summary judgment against the psychiatrist, the court held that the petition did not allege that the psychiatrist was aware of any threats. Importantly, the court did *not* affirm the summary judgment because the cause of action arose from the plaintiff's criminal conduct. The court went on to reverse the summary judgment against Touro, because it was improperly based upon the procedural vehicle of no right of action. Rather than decide the policy issue at that time as to Touro, the court of appeal remanded the matter for a hearing on the motion for summary judgment. There is no further history available as to what happened with the case thereafter.

Thus, from these two cases it is clear that (1) there is no general rule of law in Louisiana prohibiting recovery in tort simply because the cause of action arises from a criminal or immoral act of the plaintiff; (2) a psychiatrist and/or a medical facility in Louisiana may owe a duty of care to a patient to prevent the patient from damages arising out of physically harming third parties; and (3) the *Guillie* case is limited to criminal conduct involving no physical harm to third parties. Moreover, the *Guillie* is inapplicable to and easily distinguishable from the present case. *Guillie*, which clearly set out to define a substantive cause of action, was decided in 1999. The present incident occurred before that decision, in 1997. Therefore, it was not the law at the time

4

Of the incident. That case involved a serious causation issue, since the theft occurred sometime after Guillie's release, and the failure of diagnose was not necessarily related to Guillie's conduct. The petition merely alleged that Guillie would have been kept longer in the hospital if properly diagnosed, not that the hospital did not properly treat him for his gambling addiction. In the present case, the act leading to damages occurred on the property of and while Mr. Claverie was in the care of the named defendant: the party responsible for Mr. Claverie's wellbeing at the time. Therefore, the attenuation present between Mr. Guille's release and the theft, is not present in this case.

The petition in the instant case alleges that employees of the VA Hospital, which would include psychiatrists, failed to properly diagnose Mr. Claverie and to take proper precautions to prevent Mr. Claverie from physically harming himself and third parties. Accordingly, the petition has clearly stated a cause of action upon which relief may be granted.

Respectfully submitted,

*Yvette Claverie*   *Charles R. Claverie III*
YVETTE CLAVERIE
CHARLES CLAVERIE IV
P.O. BOX 713
PURVIS, MS 39475
TELEPHONE: (601) 296-9481

5

## CERTIFICATE OF SERVICE

I Certify that a copy of the forgoing Motion to Appeal Final Judgement and the attached Memorandum have been served upon counsel for all parties by **hand delivery** to the office of Assistant U.S. Attorney, Ruth Morris Force, 501 Magazine St., Room 205, New Orleans, LA 70130, this 21st day of November, 2000.

*[signatures]*
YVETTE CLAVERIE
CHARLES CLAVERIE

6